Exhibit A

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Transworld Systems, Inc.; Universal Health Services, Inc. dba Desert Springs Hospital Medical Center; and Does 1-10, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

SAM VAGLE

> *FOR COURT USE ONLY*
> *(SOLO PARA USO DE LA CORTE)*
>
> ELECTRONICALLY FILED
> 8/2/2018
> Kern County Superior Court
> Tamarah Harber-Pickens
> By Erika Delgado, Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is: *(El nombre y dirección de la corte es):* Metropolitan Division | CASE NUMBER: *(Número del Caso):* BCL-18-015657 |
|---|---|

1415 Truxton Ave
Bakersfield, CA 93301

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Todd M. Friedman, 21550 Oxnard St., Suite 780  Woodland Hills, CA 91367, 877-206-4741

DATE: 8/2/2018 TAMARAH HARBER-PICKENS    Clerk, by _Erika Delgado_ , Deputy
*(Fecha)*    *(Secretario)*    *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* **TRANSWORLD SYSTEMS INC.**

   under: ☒ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 8-3-18

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
American LegalNet, Inc.
www.FormsWorkflow.com

ELECTRONICALLY FILED
8/1/2018 9:11 AM
Kern County Superior Court
Tamarah Harber-Pickens
By Erika Delgado, Deputy

Todd M. Friedman (216752)
Adrian R. Bacon (2803332)
Law Offices of Todd M. Friedman, P.C.
21550 Oxnard St., Suite 780
Woodland Hills, CA 91367
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
Attorneys for Plaintiff

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**
**FOR THE COUNTY OF KERN**
**LIMITED JURISDICTION**

| | |
|---|---|
| SAM VAGLE,<br><br>   Plaintiff,<br><br>-vs-<br><br>TRANSWORLD SYSTEMS INC.;<br>UNIVERSAL HEALTH SERVICES, INC. dba<br>DESERT SPRINGS HOSPITAL MEDICAL<br>CENTER; and DOES 1-10, inclusive,<br><br>   Defendant. | CASE NO.: BCL-18-015657<br><br>COMPLAINT<br><br>1. Violation of the Rosenthal Fair Debt Collection Practices Act<br>2. Violation of the Fair Debt Collection Practices Act<br>3. Violation of the Fair Credit Reporting Act<br>4. Violation of California Consumer Credit Reporting Agencies Act<br><br>(Amount Not to Exceed $25,000) |

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendants' violations of the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code §1788, *et seq.* (hereinafter "RFDCPA"), and the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* (hereinafter "FDCPA"), both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices; the Fair Credit Reporting Act, 15 U.S.C. §1681 (hereinafter "FCRA"); and the California Consumer Credit Reporting Agencies Act, California Civil Code § 1785.16 (hereinafter "CCRA"), both of which regulate the collection, dissemination, and use of consumer information, including consumer credit information.

2.      At all relevant times, credit reports as alleged in this pleading are "consumer reports" as that term is defined by 15 U.S.C. §1681a(d).

## II. PARTIES

3.      Plaintiff, SAM VAGLE ("Plaintiff"), is a natural person residing in Bakersfield, California, is a "debtor" as defined by Cal. Civ. Code §1788.2(h), and is a "consumer" as defined by 15 U.S.C. §1681a.

4.      At all relevant times, Defendant, TRANSWORLD SYSTEMS INC. ("Transworld"), is a "person" as that term is defined by 15 U.S.C. §1681a(b). was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "consumer debt," as defined by Cal. Civ. Code §1788.2(f). Defendant regularly attempts to collect debts alleged to be due them, and therefore is a "debt collector" as defined by the RFDCPA, Cal. Civ. Code §1788.2(c). Defendant is a person who, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of preparing or furnishing consumer reports, and Defendant is therefore a "consumer reporting agency" as the term is defined under the FCRA, 15 U.S.C. § 1681a(f). Further, Defendant regularly provides information to consumer reporting agencies and is therefore an "information furnisher" as defined by the CA CCRA.

5.      At all relevant times, Defendant, UNIVERSAL HEALTH SERVICES, INC. dba DESERT SPRINGS HOSPITAL MEDICAL CENTER ("UHS"), is a "person" as that term is defined by 15 U.S.C. §1681a(b).  UHS was also a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "consumer debt," as defined by Cal. Civ. Code §1788.2(f). Defendant regularly attempts to collect debts alleged to be due them, and therefore is a "debt collector" as defined by the RFDCPA, Cal. Civ. Code §1788.2(c).

6.      Defendant UHS and Defendant Transworld will be, hereinafter, collectively referred to as "Defendants."

7.      The above named Defendant, and its subsidiaries and agents, are collectively referred to as "Defendants." The true names and capacities of the Defendants sued herein as DOE

2

COMPLAINT

1  DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues
2  such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally
3  responsible for the unlawful acts alleged herein.  Plaintiff will seek leave of Court to amend the
4  Complaint to reflect the true names and capacities of the DOE Defendants when such identities
5  become known.

6      8.      Plaintiff is informed and believes that at all relevant times, each and every
7  Defendant was acting as an agent and/or employee of each of the other Defendants and was acting
8  within the course and scope of said agency and/or employment with the full knowledge and
9  consent of each of the other Defendants.  Plaintiff is informed and believes that each of the acts
10 and/or omissions complained of herein was made known to, and ratified by, each of the other
11 Defendants.

12                          **III. FACTUAL ALLEGATIONS**

13     9.      At various and multiple times prior to the filing of the instant complaint, including
14 within the one year preceding the filing of this complaint, Defendants sought to collect on a debt
15 not owed by Plaintiff and permitted derogatory information to be placed on Plaintiff's credit report
16 that Plaintiff was late in making payments on his hospital bills.  However, such reporting was false,
17 misleading, or incomplete.

18     10.     In or around 2015, Plaintiff visited Defendant UHS to obtain medical related
19 services. Plaintiff provided his insurance information to Defendant UHS in order to pay for the
20 medical related services.

21     11.     Upon information and belief, Plaintiff is informed and believes and therein alleges
22 that his insurance provider, according to the terms of his insurance policy, paid for the services
23 Plaintiff received from Defendant UHS.

24     12.     In or around June of 2016 and continuing through to June of 2017, Defendant UHS
25 sent invoices to Plaintiff for an alleged debt based on the provided medical services.

26     13.     Plaintiff communicated these invoices to his insurance provider. Plaintiff's
27 insurance provider informed him that this alleged debt has been paid for and the account has been
28 closed.

3

COMPLAINT

14.     In or around August 2017, Defendant Transworld contacted Plaintiff, by the use of letters, in an attempt to collect an alleged debt on behalf of UHS.

15.     At various and multiple times, Defendant Transworld reported on Plaintiff's consumer credit report that Plaintiff owed an alleged debt to Defendants.

16.     Plaintiff is informed, upon valid information and belief, that the reporting is inaccurate

17.     Plaintiff submitted disputes to Defendant in August of 2017 relating to the inaccurate reporting concerning the alleged debt, however Defendant failed to conduct a reasonable investigation and correct the reporting.

18.     Such derogatory information was false, misleading, or incomplete.

19.     Defendant Transworld failed to reasonably reinvestigate and permitted the erroneous derogatory information on Plaintiff's consumer credit report.

20.     This reporting had a severely negative effect on Plaintiff's credit score.

21.     Plaintiff disputed in writing the reporting with Defendants, but Defendants refused to cease furnishing the erroneous information to the credit reporting agencies. Furthermore, Defendants refused to properly validate the information and instead, falsely reported it. As of the time of the filing of this Complaint or within two years, Defendants have continued to report erroneously and derogatorily on Plaintiff's credit report despite his request for correction.

22.     §1788.17 of the RFDCPA mandates that every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code statutory regulations contained within the FDCPA, 15 U.S.C. §1692d, and §1692d(5).

23.     Defendants' conduct violated the RFDCPA and FDCPA in multiple ways, including but not limited to:

    a.  Engaging in conduct the natural consequences of which is to harass, oppress, or abuse Plaintiff (15 U.S.C. § 1692d);

    b.  Using false, deceptive, or misleading representations or means in connection with collection of a debt (15 U.S.C. § 1692e);

4

COMPLAINT

      c. Communicating or threatening to communicate credit information which is known or which should be known to be false (15 U.S.C. § 1692e(8));

      d. Using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff (15 U.S.C. § 1692e(10); and

      e. Using unfair or unconscionable means against Plaintiff in connection with an attempt to collect a debt (15 U.S.C. § 1692f).

24. Defendants are aware that the third parties to which they are providing this information are going to disseminate this information to various other persons or parties who will be reviewing this information for the purpose of extending credit, insurance or employment and that they have already done so.

25. As a result of Defendant Transworld's inaccurate reporting of Plaintiff's accounts, Plaintiff's credit score decreased. Plaintiff was and/or will be denied future loans due to the derogatory items placed by Defendant on Plaintiff's credit report.

26. The inaccurate information negatively reflects upon the Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness.

27. The credit reports have been and continue to be disseminated to various persons and credit grantors, both known and unknown.

28. Plaintiff has been damaged, and continues to be damaged, in the following ways:

      a. Emotional distress and mental anguish associated with having incorrect derogatory personal information transmitted about Plaintiff to other people both known and unknown;

      b. Decreased credit score which may result in inability to obtain credit on future attempts; and

      c. Out of pocket expenses associated with disputing the information only to find the information to remain on the credit report;

29. At all times pertinent hereto, Defendants were acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendants herein.

30. At all times pertinent hereto, the conduct of Defendants, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiff herein.

5

31.   Defendant Transworld violated sections 1681n and 1681o of the FCRA by engaging in the following conduct that violates 15 U.S.C. §1681i:

    a.   Willfully and negligently failing to reinvestigate and properly respond to Plaintiff's dispute such that Defendants disseminated inaccurate and derogatory credit, account and other information concerning the Plaintiff despite knowing that said information was inaccurate

32.   Similarly, Defendant Transworld violated Cal. Civ. C. § 1785.16 by failing to reasonably reinvestigate and correct the inaccurate and false information on Plaintiff's credit report after receiving a dispute from Plaintiff.

33.   Defendants' conduct was a direct and proximate cause, as well as a substantial factor, in causing the injuries, damages and harm to Plaintiff that are outlined more fully above, and as a result, Defendants are liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as such other relief permitted by law.

34.   As a result of the above violations of the RFDCPA, the FDCPA, the FCRA, and the CCRA, Plaintiff suffered and continue to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendants are liable to PLAINTIFF for PLAINTIFF'S actual damages, statutory damages, and costs and attorney's fees.

## COUNT I: VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES
## ACT
### Against Both Defendants

35.   Plaintiff includes by reference all of the aforementioned paragraphs as if fully set forth herein.

36.   To the extent that Defendants' actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully.

///

///

### PRAYER FOR RELIEF

6

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

    a. Actual damages;
    b. Statutory damages for willful and negligent violations;
    c. Costs and reasonable attorney's fees; and
    d. For such other and further relief as may be just and proper.

## COUNT II: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

### Against Both Defendants

37.    Plaintiff includes by reference all of the aforementioned paragraphs as if fully set forth herein.

38.    To the extent that Defendants' actions, counted above, violated the FDCPA, those actions were done knowingly and willfully.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

    e. Actual damages;
    f. Statutory damages for willful and negligent violations;
    g. Costs and reasonable attorney's fees; and
    h. For such other and further relief as may be just and proper.

## COUNT III: VIOLATION OF THE FAIR CREDIT REPORTING ACT

### Against Defendant Transworld

39.    Plaintiff includes by reference all of the aforementioned paragraphs as if fully set forth herein.

40.    To the extent that Defendant Transworld' actions, counted above, violated the FCRA, those actions were done knowingly and willfully.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendants for the following:

7

A.  Actual damages;
B.  Statutory damages for willful and negligent violations;
C.  Costs and reasonable attorney's fees; and
D.  For such other and further relief as may be just and proper.

## COUNT IV: VIOLATION OF THE CALIFORNIA CONSUMER CREDIT

## REPORTING AGENCIES ACT

### Against Defendant Transworld

41.    Plaintiff includes by reference all of the aforementioned paragraphs as if fully set forth herein.

42.    To the extent that Defendant's Transworld actions, counted above, violated the CCRA, those actions were done knowingly and willfully.

43.    Cal. Civ. Code § 1785.25 (a) states that a "person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate."

44.    Defendant Transworld negligently and willfully furnished information to the credit reporting agencies it knew or should have known was inaccurate.

45.    Based on these violations of Civil Code § 1785.16 & 1785.25(a), Plaintiff is entitled to the remedies afforded by Civil Code § 1785.31, including actual damages, attorney's fees, pain and suffering, injunctive relief, and punitive damages in an amount not less than $100 nor more than $5,000, for each violation as the Court deems proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendants for the following:

A.  Actual damages;
B.  Statutory damages;
C.  Costs and reasonable attorney's fees; and
D.  For such other and further relief as the Court may deem just and proper.

## PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

8

46.     Plaintiff, pursuant to his rights under Article 1, Section 16 of the Constitution of the State of California, demands a trial by jury on all issues so triable.

Respectfully submitted this 1st Day of August, 2018.

By:   _____
        Todd M. Friedman, Esq.
        Law Offices of Todd M. Friedman, P.C.
        Attorney for Plaintiff

9