Todd M. Friedman (216752)
Adrian R. Bacon (2803332)
Law Offices of Todd M. Friedman, P.C.
21550 Oxnard St., Suite 780
Woodland Hills, CA 91367
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAM VAGLE,<br><br>    Plaintiff,<br><br>-vs-<br><br>TRANSWORLD SYSTEMS INC.;<br>SHADOW EMERGENCY<br>PHYSICIANS, PLLC; and DOES 1-10,<br>inclusive,<br><br>    Defendant. | CASE NO.: 1:18-cv-01321-LJO-JLT<br><br>FIRST AMENDED COMPLAINT<br><br>1. Violation of the Rosenthal Fair Debt Collection Practices Act<br>2. Violation of the Fair Debt Collection Practices Act<br>3. Violation of the Fair Credit Reporting Act<br>4. Violation of California Consumer Credit Reporting Agencies Act |

## I. INTRODUCTION

1.  This is an action for damages brought by an individual consumer for Defendants' violations of the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code §1788, *et seq.* (hereinafter "RFDCPA"), and the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* (hereinafter "FDCPA"), both of which prohibit debt

collectors from engaging in abusive, deceptive, and unfair practices; the Fair Credit Reporting Act, 15 U.S.C. §1681 (hereinafter "FCRA"); and the California Consumer Credit Reporting Agencies Act, California Civil Code § 1785.16 (hereinafter "CCRA"), both of which regulate the collection, dissemination, and use of consumer information, including consumer credit information.

2. At all relevant times, credit reports as alleged in this pleading are "consumer reports" as that term is defined by 15 U.S.C. §1681a(d).

## II. PARTIES

3. Plaintiff, SAM VAGLE ("Plaintiff"), is a natural person residing in Bakersfield, California, is a "debtor" as defined by Cal. Civ. Code §1788.2(h), and is a "consumer" as defined by 15 U.S.C. §1681a.

4. At all relevant times, Defendant, TRANSWORLD SYSTEMS INC. ("Transworld"), is a "person" as that term is defined by 15 U.S.C. §1681a(b). was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "consumer debt," as defined by Cal. Civ. Code §1788.2(f). Defendant regularly attempts to collect debts alleged to be due them, and therefore is a "debt collector" as defined by the RFDCPA, Cal. Civ. Code §1788.2(c). Defendant is a person who, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of preparing or furnishing consumer reports, and Defendant is therefore a "consumer reporting agency" as the term is defined under the FCRA, 15 U.S.C. § 1681a(f). Further, Defendant regularly provides information to consumer reporting agencies and is therefore an "information furnisher" as defined by the CA CCRA. Defendant is also a "person" as defined by *Cal. Civ. Code* §1785.3(j).

5. At all relevant times, Defendant, SHADOW EMERGENCY PHYSICIANS, PLLC ("Shadow"), is a "person" as that term is defined by 15 U.S.C. §1681a(b). Shadow was also a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "consumer

debt," as defined by Cal. Civ. Code §1788.2(f). Defendant regularly attempts to collect debts alleged to be due them, and therefore is a "debt collector" as defined by the RFDCPA, Cal. Civ. Code §1788.2(c).

6. Defendant Shadow and Defendant Transworld will be, hereinafter, collectively referred to as "Defendants."

7. The above named Defendant, and its subsidiaries and agents, are collectively referred to as "Defendants." The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

8. Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants. Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

### III. FACTUAL ALLEGATIONS

9. At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendants sought to collect on a debt not owed by Plaintiff and permitted derogatory information to be placed on Plaintiff's credit report that Plaintiff was late in making payments on his hospital bills. However, such reporting was false, misleading, or incomplete.

10. In or around 2015, Plaintiff visited Desert Springs Hospital Medical Center to obtain medical related services. Plaintiff provided his insurance

information to Desert Springs Hospital Medical Center in order to pay for the medical related services.

11. Upon information and belief, Plaintiff is informed and believes and therein alleges that his insurance provider, according to the terms of his insurance policy, paid for the services Plaintiff received from Desert Springs Hospital Medical Center.

12. In or around June of 2016 and continuing through to June of 2017, Defendant Shadow sent invoices to Plaintiff for an alleged debt based on the provided medical services.

13. Plaintiff communicated these invoices to his insurance provider. Plaintiff's insurance provider informed him that this alleged debt has been paid for and that the account has been closed.

14. Upon information and belief, Plaintiff contacted and explained to Defendant Shadow that Plaintiff's insurance provider has properly paid for the services rendered by Desert Springs Hospital Medical Center. Furthermore, Plaintiff's insurance provider, through written representations, informed Plaintiff of paying for the services rendered by Desert Springs Hospital Medical Center.

15. In or around August 2017, Defendant Transworld contacted Plaintiff, by the use of letters, in an attempt to collect an alleged debt on behalf of Defendant Valley Health and Defendant Shadow.

16. At various and multiple times, Defendant Transworld reported on Plaintiff's consumer credit report that Plaintiff owed an alleged debt to Defendants.

17. Plaintiff is informed, upon valid information and belief, that the reporting is inaccurate.

18. Plaintiff submitted disputes to Defendant Transworld in August of 2017 relating to the inaccurate reporting concerning the alleged debt, however Defendant failed to conduct a reasonable investigation and correct the reporting.

19. Such derogatory information was false, misleading, or incomplete.

20. Defendant Transworld failed to reasonably reinvestigate and permitted the erroneous derogatory information on Plaintiff's consumer credit report.

21. This reporting had a severely negative effect on Plaintiff's credit score.

22. Plaintiff disputed in writing the reporting with Defendants, but Defendants refused to cease furnishing the erroneous information to the credit reporting agencies. Furthermore, Defendants refused to properly validate the information and instead, falsely reported it. As of the time of the filing of this Complaint or within two years, Defendants have continued to report erroneously and derogatorily on Plaintiff's credit report despite his request for correction.

23. §1788.17 of the RFDCPA mandates that every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code statutory regulations contained within the FDCPA, 15 U.S.C. §1692d, and §1692d(5).

24. Defendants' conduct violated the RFDCPA and FDCPA in multiple ways, including but not limited to:

   a. Engaging in conduct the natural consequences of which is to harass, oppress, or abuse Plaintiff (15 U.S.C. § 1692d);
   b. Using false, deceptive, or misleading representations or means in connection with collection of a debt (15 U.S.C. § 1692e);
   c. Communicating or threatening to communicate credit information which is known or which should be known to be false (15 U.S.C. § 1692e(8));
   d. Using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff (15 U.S.C. § 1692e(10); and
   e. Using unfair or unconscionable means against Plaintiff in connection with an attempt to collect a debt (15 U.S.C. § 1692f).

25. Defendants are aware that the third parties to which they are providing this information are going to disseminate this information to various other persons or parties who will be reviewing this information for the purpose of extending credit, insurance or employment and that they have already done so.

26. As a result of Defendant Transworld's inaccurate reporting of Plaintiff's accounts, Plaintiff's credit score decreased. Plaintiff was and/or will be denied future loans due to the derogatory items placed by Defendant on Plaintiff's credit report.

27. The inaccurate information negatively reflects upon the Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness.

28. The credit reports have been and continue to be disseminated to various persons and credit grantors, both known and unknown.

29. Plaintiff has been damaged, and continues to be damaged, in the following ways:

    a. Emotional distress and mental anguish associated with having incorrect derogatory personal information transmitted about Plaintiff to other people both known and unknown;
    b. Decreased credit score which may result in inability to obtain credit on future attempts; and
    c. Out of pocket expenses associated with disputing the information only to find the information to remain on the credit report;

30. At all times pertinent hereto, Defendants were acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendants herein.

31. At all times pertinent hereto, the conduct of Defendants, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiff herein.

32. Defendant Transworld violated sections 1681n and 1681o of the FCRA by engaging in the following conduct that violates 15 U.S.C. §1681i:

    a. Willfully and negligently failing to reinvestigate and properly respond to Plaintiff's dispute such that Defendants disseminated inaccurate and derogatory credit, account and other information concerning the Plaintiff despite knowing that said information was inaccurate

33. Similarly, Defendant Transworld violated Cal. Civ. C. § 1785.16 by failing to reasonably reinvestigate and correct the inaccurate and false information on Plaintiff's credit report after receiving a dispute from Plaintiff.

34. Defendants' conduct was a direct and proximate cause, as well as a substantial factor, in causing the injuries, damages and harm to Plaintiff that are outlined more fully above, and as a result, Defendants are liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as such other relief permitted by law.

35. As a result of the above violations of the RFDCPA, the FDCPA, the FCRA, and the CCRA, Plaintiff suffered and continue to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendants are liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT I: VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
### Against All Defendants

36. Plaintiff includes by reference all of the aforementioned paragraphs as if fully set forth herein.

37. To the extent that Defendants' actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully.

///

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

    a. Actual damages;
    b. Statutory damages for willful and negligent violations;
    c. Costs and reasonable attorney's fees; and
    d. For such other and further relief as may be just and proper.

### COUNT II: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

#### Against All Defendants

38. Plaintiff includes by reference all of the aforementioned paragraphs as if fully set forth herein.

39. To the extent that Defendants' actions, counted above, violated the FDCPA, those actions were done knowingly and willfully.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

    e. Actual damages;
    f. Statutory damages for willful and negligent violations;
    g. Costs and reasonable attorney's fees; and
    h. For such other and further relief as may be just and proper.

### COUNT III: VIOLATION OF THE FAIR CREDIT REPORTING ACT

#### Against Defendant Transworld

40. Plaintiff includes by reference all of the aforementioned paragraphs as if fully set forth herein.

41. To the extent that Defendant Transworld' actions, counted above, violated the FCRA, those actions were done knowingly and willfully.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendants for the following:

    A.    Actual damages;
    B.    Statutory damages for willful and negligent violations;
    C.    Costs and reasonable attorney's fees; and
    D.    For such other and further relief as may be just and proper.

## COUNT IV: VIOLATION OF THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT

### Against Defendant Transworld

42. Plaintiff includes by reference all of the aforementioned paragraphs as if fully set forth herein.

43. To the extent that Defendant's Transworld actions, counted above, violated the CCRA, those actions were done knowingly and willfully.

44. Cal. Civ. Code § 1785.25 (a) states that a "person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate."

45. Defendant Transworld negligently and willfully furnished information to the credit reporting agencies it knew or should have known was inaccurate.

46. Based on these violations of Civil Code § 1785.16 & 1785.25(a), Plaintiff is entitled to the remedies afforded by Civil Code § 1785.31, including actual damages, attorney's fees, pain and suffering, injunctive relief, and punitive damages in an amount not less than $100 nor more than $5,000, for each violation as the Court deems proper.

///

///

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendants for the following:

- A. Actual damages;
- B. Statutory damages;
- C. Costs and reasonable attorney's fees; and
- D. For such other and further relief as the Court may deem just and proper.

## **PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

47. Plaintiff, pursuant to his rights under Article 1, Section 16 of the Constitution of the State of California, demands a trial by jury on all issues so triable.

Respectfully submitted this 27th Day of February, 2019.

By:  s/Todd M. Friedman
Todd M. Friedman, Esq.
Law Offices of Todd M. Friedman, P.C.
Attorney for Plaintiff

COMPLAINT

Filed electronically on this 27th Day of February, 2019, with:

United States District Court CM/ECF system.

Notification sent electronically on this 27th Day of February, 2019, to:

Honorable Lawrence J. On'Neill
United States District Court
Eastern District of California
And All Counsel of Record as Recorded On The Electronic Service List

<u>/s/ Todd M. Friedman, Esq.</u>
TODD M. FRIEDMAN

COMPLAINT